IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-56-D

BANK OF NEW YORK MELLON,      )
                              )
            Plaintiff,        )
                              )
      v.                      )     **ORDER**
                              )
OBAMIKEL ALSTON, and          )
FIKRIYYAH ALSTON,             )
                              )
            Defendants.       )

On February 9, 2011, Obamikel Alston and Fikriyyah Alston ("Alstons" or "defendants") removed a bank foreclosure action that Bank of New York Mellon ("BONY" or "plaintiff") filed in Wake County Superior Court. BONY timely filed a motion to remand, and the Alstons responded in opposition. As explained below, the Alstons improperly removed the action. Thus, the motion to remand [D.E. 13] is granted, and BONY's action against the Alstons is remanded to Wake County Superior Court.

I.

On July 24, 2003, the Alstons executed an adjustable-rate note and mortgage in the amount of $152,000 securing real property located in Raleigh, North Carolina. The Alstons defaulted on the loan. Thus, on October 21, 2010, BONY, through its substitute trustee, filed a notice of foreclosure hearing in Wake County Superior Court. The Alstons were served on or about October 27, 2010. On January 10, 2011, the Assistant Clerk of Wake County Superior Court determined that the debt on the loan was valid and allowed the foreclosure to proceed.

On January 18, 2011, the Alstons (proceeding pro se) filed a petition in Wake County Superior Court seeking to enjoin the non-judicial foreclosure sale. The Alstons named Novastar

Mortgage, BONY, Saxon Mortgage, and JP Morgan Chase as defendants/counter plaintiffs and sought a preliminary injunction. The Alstons filed the petition in a closed 2009 case and did not serve the named defendants.

On February 9, 2011, the Alstons (now represented by counsel) filed a notice of removal [D.E. 1]. The notice of removal sought to remove the 2010 Wake County foreclosure action, but attached (among other things) the injunction petition from the 2009 case. Id. In the notice of removal, the Alstons asserted that diversity jurisdiction existed under 28 U.S.C. § 1332 and federal question jurisdiction existed under 28 U.SC. § 1331. In asserting diversity jurisdiction, the Alstons stated that they are citizens of North Carolina and that defendants are citizens of other states. See id. The notice of removal did not specifically explain the basis for federal question jurisdiction.

In BONY's motion to remand, BONY argues that the removal was improper and that this court lacks subject matter jurisdiction. Thus, BONY seeks remand.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Removal from state court is proper only if the federal district court has original jurisdiction over the removed action. See 28 U.S.C. § 1441(a); Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). Accordingly, a defendant generally may remove an action only if diversity jurisdiction or federal question jurisdiction exists on the face of the complaint. See 28 U.S.C. § 1441(b). In addition, under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days of "receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

Under North Carolina law, BONY initiated the foreclosure action when it filed the notice of hearing on October 21, 2010. See N.C. Gen. Stat. § 45-21.16. The Alstons were served and received notice of the action on October 27, 2010. Because the Alstons failed to file a notice of

2

removal within 30 days, the Alstons failed to comply with 28 U.S.C. § 1446(b). Accordingly, the action is remanded. See, e.g., In re Foreclosure of a Deed of Trust Executed by Christian O. Naef, No. 7:10-CV-197-FL, 2010 WL 5058383, at *2 (E.D.N.C. Dec. 3, 2010) (unpublished).

Alternatively, the action is remanded because the Alstons improperly relied on diversity jurisdiction in removing the action. Specifically, 28 U.S.C. § 1441(b) does not permit a home-state defendant to remove an action from state court to federal court. See, e.g., In re Repository Techs., Inc., 601 F.3d 710, 721–22 (7th Cir. 2010); Palisades Collection LLC v. Shorts, 552 F.3d 327, 331 (4th Cir. 2008); Shapiro v. Logistec USA, Inc., 412 F.3d 307, 313 (2d Cir. 2005). The theory underlying this rule is that a home-state defendant does not need the "protection" of removing a home-state action from state court to federal court. Accordingly, the Alstons, who are North Carolina citizens, could not properly remove the action and rely on diversity jurisdiction.

Additionally, the Alstons cannot rely on federal question jurisdiction. See 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1331, a civil action must arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In analyzing whether federal question jurisdiction exists, a court examines the face of plaintiff's well-pleaded complaint. See, e.g., In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). BONY's well-pleaded complaint involves one claim under North Carolina law. Moreover, the Alstons cannot rely on their intent to assert a federal counterclaim to create federal question jurisdiction. See, e.g., Gully v. First Nat'l Bank, 299 U.S. 109, 112–14 (1936); Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 222 (4th Cir. 2001); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1274–76 (4th Cir. 1985). Finally, to the extent that the Alstons purport to remove the Wake County action "into" their separate, pending civil action in this court in case no. 5:10-CV-562-D, such removal is prohibited. See, e.g., Vick v. Nash Hospitals, Inc., 756 F. Supp. 2d 690, 692–94 (E.D.N.C. 2010). Therefore, no federal question jurisdiction exists.

3

II.

As explained above, BONY's motion to remand [D.E. 13] is GRANTED, and the action is REMANDED to Wake County Superior Court. In its discretion, the court declines to award attorney's fees.

SO ORDERED. This 30 day of June 2011.

*JAMES C. DEVER III*
United States District Judge